**WINKLER et al. v. NUNAN, Com'r of Internal Revenue.**

No. 334.

Circuit Court of Appeals, Second Circuit.

June 6, 1944.

Howe P. Cochran, of Washington, D. C. (Margaret F. Luers, and Betty Cochran Stockvis, both of Washington, D. C., of counsel), for petitioners.

S. Dee Hanson, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

PER CURIAM.

The question on this appeal is whether the taxpayers—husband and wife, filing a joint return—were entitled in 1940 to the deduction of a loss under § 22(f) of the Internal Revenue Code, 26 U.S.C.A.Int. Rev. Code, § 22(f). The facts out of which their claim arises were as follows. In 1929, the husband bought jewelry for his wife in Paris for $23,000, under an agreement by which the jeweler promised to buy it back at any time for $12,000, or to allow the buyer its cost less ten per cent, in exchange for other jewelry. The wife planned to keep it indefinitely and wear it as adorn-ment; and neither she, nor her husband, expected to make any profit from its sale. Shortly thereafter they did however try to sell it; among others, to the merchant in Paris from whom they had bought it. He had, however, gone out of business and could not be found, and they were finally forced to sell it for $4500 in 1940. The loss—$18,500—they deducted from their gross income in that year on the theory that § 22(f) allowed it. The Commissioner denied the deduction, and the Tax Court affirmed his ruling.

Section 22(f) neither grants any deduction of losses, nor requires the inclusion of any gains. It merely provides how a loss shall be computed when it is allowed as a deduction, and how a gain shall be computed, when it is required to be included within gross income. Possibly the section was not a very good place to say anything about losses; possibly, it would have been more harmonious to have two sections: one in § 22, declaring how gains should be computed; and the other in § 23, declaring how losses should be computed, even though the references for purposes of computation had been to the same sections. However, although Congress included the references applicable to both losses and gains in one section, its purpose was plain. Section 22 remains the section which tells what shall go into gross income; § 23, that which tells what deductions are permissible; and the taxpayers concede that their loss does not come within § 23. Had they insisted that § 23(e) (2) covered it, there might have been something to discuss; for while the jewelry was not bought primarily for profit, nevertheless it was bought in part as an investment; and where the motive is double—both adornment and investment—conceivably it might be within subdivision (2). The Tax Court apparently felt itself bound to answer that possibility, but we do not. And we need not, because the taxpayers expressly abandoned any such position in this court, whatever they may have done in the Tax Court. On pages one and two of their reply brief they say: "Over half the respondent's brief is devoted to a discussion of what is and what is not a transaction entered into for profit, yet no such problem is presented here. The property here involved was bought as an investment, but with no expectation of profit." Again, on page two: "If the only losses on sales that are allowed are those that come under § 23(e) petitioners must lose, other-

wise the defense falls and petitioners must win." Indeed, throughout their brief they rely solely upon the argument that § 23(e) is not the only section, which allows the deduction of losses. We think that it is.

Order affirmed.